Craig S. Ganz (023650)
ganzc@ballardspahr.com
Michael A. DiGiacomo (032251)
digiacomom@ballardspahr.com
Ian O. Bucon (034543)
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
*Attorneys for Plaintiff*

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

STORE Capital Acquisitions, LLC, a Delaware limited liability company,

Plaintiff,

v.

Michael Olander, Jr.,

Defendant.

NO.

**COMPLAINT**

Plaintiff STORE Capital Acquisitions, LLC ("STORE" or "Plaintiff"), by and through its attorneys, and for its Complaint against Defendant Michael Olander, Jr., ("Defendant") hereby alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona.

2. Upon information and belief, Defendant Michael Olander is a resident of North Carolina.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Plaintiff is a single member Delaware limited liability company whose member is STORE Capital Corporation, a Maryland corporation. Plaintiff's principal place

of business is in Arizona.

5. Defendant is a citizen of the State of North Carolina.

6. This Court has personal jurisdiction over Defendant, as he submitted in writing to the personal jurisdiction of this Court. Specifically, pursuant to Paragraph 16 of the Unconditional Guaranty of Payment and Performance dated October 10, 2018 (the "Guaranty"), Michael Olander expressly "submit[s] to the jurisdiction of all federal and state courts located in the State of Arizona."

7. Venue is proper in this Court because Defendant agreed to this forum as more specifically described in Paragraph 6 above.

<u>**GENERAL ALLEGATIONS**</u>

**The Loan Agreement and Note**

8. On or about October 10, 2018, STORE, as Lender, and MDO Holdings, LLC ("MDO"), a North Carolina limited liability company, as Debtor, executed a Loan Agreement (the "Loan Agreement") whereby STORE agreed to loan to MDO an aggregate amount of $289,135.96 (the "Loan Amount"). A true and correct copy of the Loan Agreement is attached hereto as Exhibit 1.

9. On or about October 10, 2018, in connection with the Loan Agreement, MDO executed in favor of STORE a Promissory Note (the "Note"), whereby MDO pledged to pay to STORE the principal sum of the Loan Amount plus interest on the unpaid principal amount. A true and correct copy of the Note is attached hereto as Exhibit 2.

10. STORE entered into the Loan Agreement and loaned the Loan Amount to MDO "for the sole purpose of paying [MDO's] Delinquent Taxes and the Transaction Costs." Loan Agreement Section 1.

11. The Loan Agreement requires MDO to pay "the principal, interest and all other sums to become due in respect of the Note." Loan Agreement Section 5(a).

12. The Note contains an Amortization Schedule which lists the payment due dates for principal payments and interest payments. Exhibit A to Note.

13. The Note provides that interest on the unpaid principal amount of the Note

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

accrues at the rate of 8% per annum.

14. The Note provides that all past-due principal and interest bear interest from the due date to the date of actual payment at the rate of 15% per annum. Note Section 5.

15. The Note further provides for a late charge equal to 5% of the amount of any past-due payment or installment. *Id.*

16. The Loan Agreement provides that the failure to pay any principal, interest or other monetary sum due under the Note when due is an Event of Default. Loan Agreement Section 9(c).

17. The Loan Agreement also provides that "an 'Event of Default' under any other Loan Document, the Lease or a breach or default, after the passage of all applicable notice and cure or grace periods, under any of the Other Agreements" is an Event of Default under the Loan Agreement. *Id.* Section 9(f).

18. The Note provides that the failure to pay any principal, interest, or other monetary sum due under the Note when due is an Event of Default. Note Section 5.

19. The Note provides that "an 'Event of Default' or a breach or default . . . under any of the Loan Documents or Other Agreements," is an Event of Default for purposes of the Note. *Id.*

20. On information and belief, MDO received the benefit of the full amount of the loan.

21. On or about October 10, 2018, in connection with the execution of the Loan Agreement and Note, Defendant executed the Guaranty for the benefit of STORE, in which Defendant "unconditionally, absolutely and irrevocably guarantee[d] and promise[d] to pay to [STORE], or order, any and all amounts, including, without limitation, principal and interest, taxes, insurance premiums, impounds, reimbursements, late charges, default interest, damages and all other amounts . . . which may or at any time be due to [STORE]" pursuant to the Loan Agreement and Note. Guaranty Section 1. A true and correct copy of the Guaranty is attached hereto as Exhibit 3.

22. Pursuant to the Guaranty, Defendant "waive[d] any requirement that

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

[STORE] first make demand upon, or seek to enforce or exhaust remedies against, [MDO] or any other person or entity . . . before demanding payment from, or seeking to enforce this Guaranty against, [Defendant]." Guaranty Section 4.

23. MDO failed to pay principal and interest when due under the Loan Agreement and Note.

24. MDO's failure to pay principal and interest when due under the Loan Agreement and Note is an Event of Default under those agreements such that the full amount of the principal, interest, and late fees are currently due under the Loan Agreement and Note.

25. As a direct and proximate result of MDO's failure to pay principal and interest when due under the Loan Agreement and Note, STORE has been damaged in an amount in excess of $200,000.00, with such amount to be specifically proved at trial.

**FIRST CAUSE OF ACTION**

**(Breach of Guaranty)**

26. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

27. As to MDO's liability, the Loan Agreement and Note are valid, binding, and enforceable agreements between STORE and MDO.

28. At all times relevant, STORE has complied with all conditions precedent to the enforcement of its rights under the Loan Agreement and Note.

29. STORE has satisfactorily performed its obligations under the Loan Agreement and Note.

30. MDO's failure to pay principal and interest when due constitutes an Event of Default under the Loan Agreement and Note.

31. MDO materially breached the Loan Agreement and Note when it failed to pay principal and interest when due under the Loan Agreement and Note.

32. The Guaranty is a valid, binding and enforceable agreement between STORE and Defendant, whereby Defendant absolutely and unconditionally guaranteed to STORE

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

the complete and prompt payment and performance of MDO's obligations under the Loan Agreement and Note.

33. Defendant's failure to ensure that MDO met its obligations under the Loan Agreement and Note, including paying principal and interest when due, is a violation of the terms of the Guaranty.

34. Defendant's failure to pay to STORE principal, interest, and other amounts when due under the Loan Agreement and Note is a material breach of the Guaranty.

35. As a reasonable and foreseeable consequence of Defendant's breach of the Guaranty, STORE has suffered damages in an amount to be proved at trial, plus interest at the rate of 15% per annum, and reasonable attorneys' fees and costs incurred by STORE in the enforcement of its rights under the Loan Agreement, Note, and Guaranty pursuant to A.R.S. § 12-341.01.

**<u>SECOND CAUSE OF ACTION</u>**

**(Breach of the Covenant of Good Faith and Fair Dealing – Pleaded in the Alternative)**

36. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

37. The Guaranty is a valid contract entered into by STORE and Defendant.

38. The Guaranty is governed by the laws of the State of Arizona.

39. Arizona law implies a duty of good faith and fair dealing into all contracts, including the Guaranty.

40. Defendant owes a duty of good faith and fair dealing to STORE.

41. This duty requires Defendant to refrain from doing anything that prevents any other party to the Guaranty from receiving the benefits of the contract.

42. By the acts set forth herein, including, but not limited to, Guarantors' failure to ensure the complete and prompt payment and performance of MDO's obligations under the Loan Agreement and Note, Defendant has breached his duty of good faith and fair dealing.

43. As a direct and proximate result of Defendant's breach of his duty of good faith and fair dealing, STORE sustained damages in an amount to be proved at trial.

44. As this cause of action arises out of the Guaranty, STORE is entitled to and Defendant is liable for reasonable attorneys' fees pursuant to that contract and A.R.S. § 12-341.01.

**ATTORNEYS' FEES AND COSTS**

45. Plaintiff is entitled to attorneys' fees and costs expended in enforcing its rights and in prosecuting this action, pursuant to A.R.S. §§ 12-341 and 12-341.01.

**CONDITIONS PRECEDENT**

46. All conditions precedent have been performed, satisfied, have occurred or have been waived.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff STORE Capital Acquisitions, LLC prays that judgment be entered in its favor and against Defendant on each claim asserted herein, and that the Court enter the following relief:

A. With respect to the First Cause of Action, Plaintiff requests that judgment be entered in its favor and against Defendant, awarding damages in an amount to be proved at trial, together with interest through the date of judgment, post-judgment interest, attorneys' fees and the costs of bringing this action;

B. With respect to the Second Cause of Action, pleaded in the alternative, Plaintiff requests that judgment be entered in its favor and against Defendant, awarding damages in an amount to be proved at trial, together with interest through the date of judgment, post-judgment interest, attorneys' fees and the costs of bringing this action;

C. Any such other and further relief the Court deems just and proper under the circumstances.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

RESPECTFULLY SUBMITTED this 15th day of November, 2019.

BALLARD SPAHR LLP

By: /s/Craig S. Ganz

Craig S. Ganz
Michael A. DiGiacomo
Ian O. Bucon
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
*Attorneys for Plaintiff*

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400